Jorge L. Piedra (Florida Bar No. 88315)
(*Pro Hac Vice*)
jpiedra@kttlaw.com
Dwayne A. Robinson (Florida Bar No. 99976)
(*Pro Hac Vice*)
drobinson@kttlaw.com
Michael R. Lorigas (Florida Bar No. 123597)
(*Pro Hac Vice*)
mlorigas@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON**
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Telephone: 305-372-1800

Simon S. Grille (State Bar No. 294914)
sgrille@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

*Attorneys for Benworth Capital Partners, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BENWORTH CAPITAL PARTNERS, LLC, <br><br> Petitioner, <br><br> v. <br><br> OTO ANALYTICS, LLC f/k/a OTO ANALYTICS, INC. d/b/a WOMPLY, <br><br> Respondent. | Case No. 3:24-cv-4840-AMO <br><br> **DECLARATION OF DWAYNE A. ROBINSON IN SUPPORT OF PETITIONER'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

DECLARATION OF DWAYNE A. ROBINSON IN SUPPORT OF PETITIONER'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

I, Dwayne A. Robinson, hereby declare under penalty of perjury:

1. I am an attorney at the law firm of Kozyak Tropin & Throckmorton and represent Petitioner Benworth Capital Partners, LLC ("Benworth") in this action. I have personal knowledge of the facts stated in this declaration and, if called to do so, could and would testify competently thereto.

2. I submit this declaration in support of Benworth's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

3. In the arbitration underlying this action, the arbitrator entered a Stipulated Protective Order. A copy of the Stipulated Protective Order is attached hereto as Exhibit 1. Paragraph 12.3 of the Stipulated Protective Order entered in the arbitration requires materials designated as "Confidential" (i.e., "Protected Material") to be filed under seal. "Protected Material" includes information (regardless of how it is generated, stored or maintained) or tangible thing that contain trade secrets, proprietary business information, competitively sensitive information, personally sensitive or private information, or any other information, documents, or testimony not previously disclosed to the public. *See* Stipulated Protective Order, ¶¶ 2.2, 2.5, & 2.12.

4. The following portions of Benworth's Reply in Support of Petition to Vacate Final Arbitration Award summarize or reflect the content of materials that Respondent Oto Analytics, LLC f/k/a Oto Analytics, Inc., d/b/a Womply ("Womply") has claimed or may claim is confidential and subject to seal:

| Document | Description | Citation |
|---|---|---|
| Reply | Benworth's Reply in Support of Petition to Vacate Final Arbitration Award | 5:21-22; 8:20-21; 10:2-3 |

5. Benworth takes no position as this time on whether any of these designated portions satisfy the requirements for sealing, and specifically reserves the right to challenge any designation under the Stipulated Protective Order as well as the propriety of sealing any of these materials under Civil Local Rule 79-5 and applicable law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of September, 2024, in Miami, FL.

                             */s/ Dwayne A. Robinson*
                             Dwayne A. Robinson

1

DECLARATION OF DWAYNE A. ROBINSON IN SUPPORT OF PETITIONER'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

**JAMS ARBITRATION**

| | |
|---|---|
| Oto Analytics, Inc. d/b/a Womply, | **Ref. No. 1210038203** |
|                 Claimant and Counter-Respondent, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| Benworth Capital Partners, LLC, | |
|                 Respondent and Counter-Claimant. | |

Claimant and Counter-Respondent Oto Analytics, Inc. d/b/a Womply ("Womply"), and Respondent and Counter-Claimant Benworth Capital Partners, LLC ("Benworth"; together, the "Parties"), through their undersigned counsel, hereby stipulate and agree, subject to approval by the Arbitrator, to the following Stipulated Protective Order ("Order") that will govern all materials exchanged between the Parties in this Arbitration:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Arbitration are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this arbitration may be warranted. In addition, Rule 26 of the JAMS Comprehensive Arbitration Rules and Procedures ("JAMS Rules") provides that "JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award," and the "Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information."

2.  **DEFINITIONS**

2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items "CONFIDENTIAL" under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u>: all documents and testimony, and all information contained therein, and other information designated as Confidential, if such documents, testimony, or information contain trade secrets, proprietary business information, competitively sensitive information, personally sensitive or private information, or any other information, documents, or testimony not previously disclosed to the public.

2.3. <u>Counsel (without qualifier)</u>: Counsel of Record and In-House Counsel (as well as their support staff).

2.4. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this arbitration.

2.8. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Arbitration but are retained to represent or advise a Party to this Arbitration and have notified JAMS of their representation in this Arbitration on behalf of that Party or are affiliated with a law firm that has notified JAMS of its representation of that Party.

2.9. <u>Party</u>: any party to this Arbitration, including all of its officers, directors, employees, consultants, advisors, and Outside Counsel of Record (and their support staffs).

2.10. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Arbitration.

2.11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Notwithstanding the foregoing, the terms of the Amended and Restated PPP Loan Referral

Agreement, dated April 14, 2021, by and between the Parties and Amended and Restated Womply Developer Order Form, dated April 14, 2021, by and between the Parties, are Protected Material.

Any use of Protected Material at the Arbitration hearing shall also be governed by this Order.

**4.**     **DURATION**

Even after final disposition of this Arbitration, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or an Arbitrator or court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Arbitration, with or without prejudice; (2) the issuance of a Consent Award from any settlement between the Parties; and (3) the Arbitrator's issuance of a Final Award pursuant to JAMS Rule 24, and, if applicable, the conclusion of any judicial proceedings to enforce, confirm, modify, or vacate such an award and any appeals therefrom.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information, documents, or items that it designated for protection do not qualify for protection, then such Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced.

b. for testimony given in deposition or in other arbitration proceedings, that the Designating Party (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (2) identify all protected testimony within thirty (30) days of receiving a transcript of such testimony.

c. for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information, documents, or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the

Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in writing or by telephone within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenging process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3.    <u>Arbitrator Intervention</u>.  If the Parties cannot resolve a challenge without the Arbitrator's intervention, the Designating Party shall raise the discovery dispute with the Arbitrator within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Arbitrator rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Arbitration only for prosecuting, defending, or attempting to settle this Arbitration. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Arbitrator or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

    a. the Receiving Party's Outside Counsel of Record in this Arbitration, as well as to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Arbitration;

    b. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Arbitration and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c. the Arbitrator and his personnel;

    d. court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this Arbitration and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   e. during their depositions, witnesses in this Arbitration to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Arbitrator; and

   f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

   If a Party is served with a subpoena or a court order issued in other litigation or arbitration, or any other subpoena, that compels disclosure of any Protected Material, that Party must:

   a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

   b. promptly notify in writing the Party that caused the subpoena or order to issue in the other litigation or arbitration that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

   c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court or arbitrator from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or arbitration of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or arbitrator.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this arbitration is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b.    promptly provide the Non-Party with a copy of the Order in this Arbitration, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c.    make the information requested available for inspection by the Non-Party.

9.3. If the Non-Party fails to object or seek a protective order from the Arbitrator within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Arbitrator. Absent an order to the contrary, the Non-Party shall bear the burden and expense of seeking protection from the Arbitrator of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material as soon as practicable, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.  CLAWBACK OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1.  In order to claw back Discovery Material that is subject to a claim of privilege or other protection that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

Upon notice that a Producing Party wishes to claw back Discovery Material that is subject to a claim of privilege or other protection, the Receiving Party shall (1) promptly undertake commercially reasonable efforts to return to the Producing Party such Discovery Material and destroy all summaries or copies of such Discovery Material, (2) provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Discovery Material, and (3) shall not use such Discovery Material for any purpose until further order of the Arbitrator. In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request. Within ten (10) business days of the notification that the Receiving Party has undertaken reasonable efforts to return or destroy the Discovery Material that is subject to a claim of privilege or other protection, the Producing Party shall produce a privilege log stating the

basis of the claim that such Discovery Material is privileged or otherwise protected. If the Receiving Party seeks to challenge the assertion of privilege or other protection over such Discovery Material, it must raise any such challenge to the Arbitrator within ten (10) business days of receiving a privilege log.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

11.2. If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains information that is subject to a claim of privilege or other protection, the Party may at its sole election (1) allow the document to be used during the deposition without waiver of its claim of privilege or personal protection, (2) instruct the witness not to answer questions concerning the portions of the document containing information that is subject to a claim of privilege or other protection pending a prompt resolution of any disagreement concerning whether the document constitutes or contains privileged or otherwise protected material. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall return or destroy all copies of the document subject to a claim of privilege or otherwise protection pursuant to Section 11.2. Immediately following the deposition, the Parties will commence the procedures set forth in Section 11.2 to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties that have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as privileged or otherwise protected.

**12.** **MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Arbitrator in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in a public record any Protected Material.

**13.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this Section, "all Protected Material" includes, without limitation, all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED AND AGREED.

Dated: January 19, 2022   Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alexander L. Cheney*
    Alexander L. Cheney
    One Front Street
    San Francisco, California 94111
    (415) 858-7400
    acheney@willkie.com

    Mark T. Stancil
    Joshua S. Levy
    1875 K Street, N.W.
    Washington, DC 20006
    (202) 303-1000
    mstancil@willkie.com
    jlevy@willkie.com

    *Counsel for Claimant and Counter-Respondent Oto Analytics, Inc. d/b/a Womply*

**Kozyak Tropin & Throckmorton**

By: */s/ Corali Lopez-Castro*
    Corali Lopez-Castro
    Jorge L. Piedra
    Michael R. Lorigas
    2525 Ponce de Leon Boulevard, 9th Fl.
    Miami, Florida 33134
    (305) 372-1800
    clc@kttlaw.com
    jpiedra@kttlaw.com
    mlorigas@kttlaw.com

**Girard Sharp LLP**

Daniel C. Girard

        Simon S. Grille
        601 California St., Suite 1400
        San Francisco, California 94108
        (415) 981-4800
        dgirard@girardsharp.com
        sgrille@girardsharp.com

        *Counsel for Respondent and Counter-Claimant Benworth Capital Partners, LLP*

## **[PROPOSED] ORDER**

The Stipulated Protective Order filed on January 19, 2022 by Claimant and Counter-Respondent Oto Analytics, Inc. d/b/a Womply and Respondent and Counter-Claimant Benworth Capital Partners, LLP is approved and adopted.

IT IS SO ORDERED.

1/19/2022 | 4:24 PM PST

DocuSigned by:

*Alexander L. Brainerd*

A744E46F92C8405...

**Alexander L. Brainerd**
Arbitrator

DocuSign Envelope ID: A4ZAE9CF-A5D2-4CAC-B691-7ED77BC0CCF8

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Arbitrator on \_\_\_ [date] in the JAMS Arbitration matter, *Oto Analytics, Inc. d/b/a Womply v. Benworth Capital Partners, LLP*, Ref. No. 1210038203.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment.  I solemnly promise that I will not disclose in any manner any information, document, or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the JAMS Arbitrator for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Arbitration.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____